By endorsement the policy excludes from coverage "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) Products that are still in your physical possession; or (2) Work that has not yet been completed or abandoned." It is undisputed that the accident occurred away from plaintiff's premises and that the roller mill was no longer in plaintiff's physical possession. Further, plaintiff's "work" was deemed completed under the policy as soon as it was "put to its intended use" by the purchasers.

Where an exclusionary clause is unambiguous, it must be given its plain and ordinary meaning (*New York Cas. Ins. Co. v Halley Elec. Co,* 148 AD2d 967, 968; *Pennsylvania Gen. Ins. Co. v Kielon,* 112 AD2d 709, 711). Here, the allegations of the underlying personal injury action come within the clear and unambiguous terms of the "[p]roducts-completed operations hazard" exclusion (*see, Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, 943, *affd* 61 NY2d 665; *Rhinebeck Bicycle Shop v Sterling Ins. Co.,* 151 AD2d 122, 125; *New York Cas. Ins. Co. v Halley Elec. Co., supra,* at 968; *Sears Oil Co. v Merchants Ins. Group,* 88 AD2d 753). Because the policy excludes coverage of the accident giving rise to the underlying action, defendant has no duty to defend or indemnify (*see, New York Cas. Ins. Co. v Halley Elec. Co., supra,* at 968; *Sears Oil Co. v Merchants Ins. Group, supra*). Therefore, we grant judgment in favor of defendant declaring that it has no duty to defend or indemnify plaintiff in the action commenced against plaintiff by Scott Simmons. (Appeal from Judgment of Supreme Court, Lewis County, Parker, J.—Declaratory Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.

■ BARBARA J. HOLLAND, Appellant, v RICH MARINE SALES, INC., Defendant, and JOSEPH MIGLIORE, Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.

■ BARBARA J. HOLLAND, Respondent, v RICH MARINE SALES, INC., Appellant. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.